RICHARD A. GRAY, Plaintiff, *v.* ARTHUR W. T. BACK, DAVID B. KING, THE ÆTNA INDEMNITY COMPANY OF HARTFORD, CONNECTICUT, and the COUNTY OF BROOME OF THE STATE OF NEW YORK, Defendants.

RICHARD A. GRAY, Plaintiff, *v.* ARTHUR W. T. BACK, DAVID B. KING, THE FIDELITY & DEPOSIT COMPANY OF MARYLAND and the COUNTY OF BROOME OF THE STATE OF NEW YORK, Defendants.

(Supreme Court, Broome Special Term, June, 1908.)

Cause of action — Character of cause of action — Legal or equitable — Taxpayer's action against surety of public officer.

Municipal corporations — Remedy of taxpayers and corporators — Action by taxpayer — Whether legal or equitable — Against surety of public officer.

    A taxpayer cannot maintain an action in equity against a public officer and the surety upon his official bond for an accounting and for judgment against the former for specified sums of public moneys alleged to have been misappropriated and against the latter for the penalty of the bond. The taxpayer's right of action against the surety is a substituted one and must be of the same form as one brought by the county against the surety on its obligation.

TRIAL of the issues of law arising upon a demurrer by the defendant The Ætna Indemnity Company of Hartford, Conn., to a complaint in an action by a taxpayer against the surety on the official bond of the county treasurer of Broome county, alleging the payment by the county treasurer of the funds in his custody and possession illegally and without warrant of law and demanding judgment for an accounting and upon said accounting for judgment against the county treasurer and the custodian of public buildings and grounds upon whose warrants, orders or drafts the money was alleged to have been paid out with interest,

and against the surety for the amount of the penalty of the bond and for other relief besides costs.

A. D. Wales, for plaintiff.

Lexow, Mackellar & Wells, for defendant surety company.

O'Brien, Boardman & Platt, for defendant Fidelity & Deposit Company of Maryland.

LYON, J.  The judgment demanded in each of these actions is for an accounting against all the defendants, and that upon such accounting the plaintiff have judgment against the defendants King and Back, as county treasurer and county custodian, respectively, for specified sums, alleged to have been misappropriated, of county moneys, and against the defendant surety company for the penalty of the bond. The principal ground of demurrer of each surety company relates to the form of the action, the surety company claiming that an action in equity for an accounting cannot be maintained against it upon the facts pleaded, and that the action must be one at law.  The liability of the surety company being primarily to the county, and a taxpayer's right to bring the action being a substituted one, the form of the action must be the same as one brought by the county against the surety upon such an obligation where the complaint alleges malfeasance and the conversion of moneys by the official.  While this question raised by the demurrer does not seem to have been passed upon by the courts in a taxpayer's action, yet in an action, very analogous, brought by the receivers of a banking corporation against defaulting directors, the law is settled that the action must be one at law, and that an action in equity will not lie.  O'Brien v. Fitzgerald, 150 N. Y. 572; Dykman v. Kenney, 154 id. 483.

The contention of the surety company that the facts pleaded constitute the action one at law entitling it to a jury trial seems to be well founded, and the demurrers must be sustained but with leave to the plaintiff to serve amended complaint within twenty days after the entry of interlocutory judgments.

Demurrers sustained